## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DANA BRUBAKER,           )
                           )
           Plaintiff,     )
                           )
vs.                        )   Case No. 08-1270-MLB-DWB
                           )
MR. HEATER CORPORATION,   )
an Ohio Corporation, and      )
ENERCO GROUP, INC.,       )
An Ohio Corporation,        )
& SALOON, INC.,           )
                           )
           Defendants.   )
_____)

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's Motion to Compe1, requesting an Order

compelling Defendants to respond to certain interrogatories and to produce

documents responsive to Plaintiff's requests for production. (Doc. 52.)

Defendants responded in opposition (Doc. 55), but Plaintiff failed to file a reply

and the time to do so has expired. D. Kan. Rule 6.1(d)(1) (rev. 12/1/2009)

(responses to non-dispositive motions are to be filed within 14 days). Having

reviewed the submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Plaintiff filed a state court Petition in the District Court of Reno County,

Kansas, on August 11, 2008, bringing claims for strict product liability, negligence, and breach of express and implied warranties as a result of a house fire that occurred on February 1, 2007. (*Id*.) Plaintiff contends that the fire was caused by a malfunction in a propane space heater manufactured by Defendants. (*Id*.) The case was removed to the United States District Court for the District of Kansas by Defendants on September 5, 2008. (*Id*.)

Plaintiff served the discovery requests at issue in late September, 2009. (Doc. 52, at 2.) Plaintiff contends the requests seek information relating to the subject matter of this case – "a propane heater resulting in a fire due to an alleged internal gas leak." (Doc. 52, at 2.) Defendants served their responses and objections to Plaintiff's discovery requests on October 30, 2009. (Doc. 44; Doc. 52-1; Doc. 52-2.)

Plaintiff now seeks an order compelling Defendants to respond to ten of her interrogatories and produce documents responsive to her requests for production. (*Id*.) According to Plaintiff, Defendants have produced "zero documents" responsive to her requests and she "has not received any new records from [Defendants] since their Rule 26 disclosures were made about a year ago." (*Id*., at 2.)

Defendants first argue that Plaintiff failed to comply with the duty to confer

imposed by Fed. R. Civ. Pro. 37 and D. Kan. Rule 37.2, and therefore the court should not hear the motion to compel.  (Doc. 55, at 2-3.)  Defendants also argue that the discovery requests at issue are "overly broad, unduly burdensome, harassing," and constitute a mere "fishing expedition seeking information that may support Plaintiff's claims."  (Doc. 55, at 4-5.)  Defendants also argue that the discovery requests at issue are not "temporally or geographically reasonable."  (Doc. 55, at 4.)  Alternatively, and without waiving its other arguments that the motion should be denied in its entirety, Defendant argues that if the court were to consider granting the motioin, the court enter a protective order which limits the scope of the discovery requests.  (Doc. 55, at 5-6.)

## DISCUSSION

A motion to compel "<u>must include</u> a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed.R.Civ.P. 37 (a)(1) (emphasis added).  The local rules further state that a court "<u>will not entertain</u> any motion to resolve a discovery dispute" unless a reasonable effort has been made to confer regarding the motion's underlying issue(s) prior to the filing of the motion.  D.Kan. Rule 37.2 (emphasis added).  The local rule also requires the certification to describe with particularity the steps taken by all counsel to

resolve the issue in dispute.   These requirements encourage parties to resolve

discovery disputes "without judicial intervention."  ***Cotracom Commodity Trading***

***Co. v. Seaboard Corporations***, 189 F.R.D. 456, 459 (D.Kan. 1999);  *see also **VNA***

***Plus, Inc. v. Apria Healthcare Group, Inc.***, No. 98-2138-KHV,1999 WL 386949,

at *1 (D.Kan. June 8, 1999).

The conference mandate of "reasonable efforts to confer" requires "more

than mailing or faxing a letter to the opposing party."  D. Kan. Rule. 37.2.  Rather,

the parties must "in good faith converse, confer, compare views, and consult and

deliberate or in good faith attempt to do so."  *Id.*; *see also **Cotracom**, 189 F.R.D. at*

459.  "[The parties] must make genuine efforts to resolve the dispute by

determining precisely what the requesting party is actually seeking; what

responsive documents or information the discovery party is reasonably capable of

producing, and what specific, genuine objections or other issues, if any, cannot be

resolved without judicial intervention."  ***Cotracom***, 189 F.R.D. at 459.

Plaintiff's Motion to Compel contains no certificate of compliance with Fed.

R. Civ. P. 37(a)(1) and/or D.Kan. Rule 37.2.  *See generally* Doc. 52.  Further,

Defendants' response specifically states that Plaintiff filed her motion "without any

attempt to meet and confer" with Defendant.  (Doc. 55, at 1.)  Rather, "[t]he first

notice [Defendants] received from  Plaintiff's counsel regarding these matters was

the actual filing of the Motion . . ."  (*Id*., at 3.)  Because Plaintiff chose not to file a reply to Defendants' response, the Court must accept Defendants' contention as true for the purposes of this motion.  The Court therefore finds that Plaintiff has failed to comply with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

Despite the unqualified language of the federal and local rules, the Court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has not been fulfilled under certain circumstances.  *See **White v. Graceland College Ctr. for Prof. Dev. & Lifelong Learning, Inc***., No. 07-2319-CM, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (holding that "the interests of justice are best served by taking up the motion [to compel] on its merits" when the Court could understand why Plaintiff's counsel interpreted a prior order to mean that Plaintiff could reapply for relief without conferring).  Plaintiff has made no arguments – and the Court is aware of no such circumstances – that would justify waiving the duties imposed by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 in the present matter.

In light of the above, the Court finds that Plaintiff has neglected her duty to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.  The Court therefore **DENIES** Plaintiff's Motion to Compel (Doc. 52).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc.

52) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees is

**DENIED** because she failed to comply with her duty to confer as described above,

thus her motion may have been unnecessary.  Defendants' similar request is also

**DENIED** as the Court finds the underlying substance of Plaintiff's motion to be

reasonable.[1]

Dated at Wichita, Kansas, this 5th day of April, 2010.

  s/   DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

---

[1]  A party objecting to a request for production of documents has an obligation to
specify the part of the request that is objectionable and to permit inspection of the rest.
Fed. R. Civ. P. 34(b)(2)(C).  While Defendant objected to the requests as a "fishing
expedition," it has, in its response to the motion to compel, impliedly conceded that some
of the requested documents were not objectionable since it has alternatively proposed
certain limitations on Plaintiff's requests.  Had Defendant produced the documents that
fall within its own defined limitations, Plaintiff might not have filed any motion to
compel at all.  In these circumstances, an award of attorneys fees to Defendant is
therefore not justified.