**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

DANA BRUBAKER,               )
                             )
                Plaintiff,   )   **CIVIL ACTION**
                             )
v.                           )   No. 08-1270-MLB
                             )
MR. HEATER CORPORATION, et al., )
                             )
                Defendants.  )
                             )

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to strike plaintiff's amended complaint (Doc. 67) and plaintiff's motion to amend her complaint (Doc. 69). The motions have been fully briefed and are ripe for decision. (Docs. 68, 70, 73). Defendants' motion is denied and plaintiff's motion is granted in part and denied in part for the reasons herein.

**I.   Facts**[1]

On February 11, 2010, this court entered an order requiring plaintiff to amend her complaint and include Shelter Insurance as a party to this action. (Doc. 63). On February 26, plaintiff filed her amended complaint. (Doc. 65). In addition to changing the caption and adding Shelter Insurance as a party, plaintiff included additional facts to her amended complaint which were not present in her original complaint. The most notable facts include the following addition to paragraph 13:

    13. . . . The defects include:

---

[1] A more detailed factual scenario and background are included in this court's memorandum and order dated February 11, 2010. (Doc. 63).

>      a. Excess gas emission from a failed regulator causing the fire;
>      b. Failure to manufacturer a safer product;
>      c. Failure to adequately warn homeowners when not to use the heater.

(Doc. 65 at 3).

Defendants immediately moved to strike the amended complaint on the basis that it failed to comply with this court's order. In addition to responding to defendants' motion, plaintiff filed a motion to amend her complaint and referenced the amended complaint that was filed on February 26. In her motion, plaintiff asserts that the additions to the complaint were an attempt to "provide details for the upcoming pretrial order" and "[b]ased on Martin's testimony at the Daubert hearing." Plaintiff provides no other basis for the delay in filing the amended complaint.

## II. ANALYSIS

After a responsive pleading has been filed, a party may amend its complaint with the "opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

> The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982). In Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962), the Supreme Court held:
>
> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006).

Defendants assert that the new allegations in the amended complaint are untimely and prejudicial. First, the court will address the issue of timeliness. Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. However, the Tenth Circuit "focuses primarily on the reasons for the delay [and has] held that denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" Minter, 451 F.3d at 1206.

Plaintiff's explanation for the delay is that she was attempting to conform her allegations in the complaint to the evidence, specifically the testimony of her expert, Carl Martin, which was clarified during the Daubert hearing held on January 25. After reviewing the transcript and the expert report, the court agrees that the allegations concerning the failed regulator and the failure to manufacture a safe product were discussed by Martin. However, Martin's opinion and his testimony during the hearing do not discuss a failure to warn theory. With the exception of pointing to the evidence provided by her expert, which is not supported by the record, plaintiff has not provided any explanation for the delay in raising this new theory. This case was originally filed September 2008 and discovery has been closed. This delay, without explanation, leans in favor of denying the addition of the failure to warn claim in the amended complaint.

"The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." Minter, 451 F.3d at 1207. With the exception of

-3-

the failure to warn claim, the court does not find that the addition of specific facts and claims based on Martin's testimony are prejudicial to defendant. While discovery has closed, defendants were aware of Martin's opinions expressed in his report, disclosed in his deposition and during the hearing. Moreover, the court would have allowed the inclusion of those claims in the pretrial order.[2]

However, the court finds that the addition of the failure to warn claim after the close of discovery is clearly prejudicial to defendant. Moreover, plaintiff has not provided a sufficient explanation for the delay in presenting this theory to defendants. Plaintiff has also failed to identify any record or statement produced during discovery which would have alerted defendants to the possibility of a failure to warn claim.

## III. Conclusion

Therefore, plaintiff's motion to amend is granted in part and denied in part. (Doc. 69). Plaintiff must file an amended complaint which removes paragraph 13(c) from the amended complaint. There shall be no other changes or additions to the amended complaint. Defendants' motion to strike is denied as moot. (Doc. 67).

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in

---

[2] "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings because the pretrial order is the controlling document for trial." Wilson v. Muckala, 303 F.3d 1207, 1215 (10th Cir. 2002).

Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

    IT IS SO ORDERED.

    Dated this __17th__ day of June 2010, at Wichita, Kansas.

                                        s/ Monti Belot
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE