IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANA BRUBAKER, )
 )
        Plaintiff, )
 )
vs. )   Case No. 08-1270-MLB-KGG
 )
MR. HEATER CORPORATION, )
an Ohio Corporation, and )
ENERCO GROUP, INC., )
An Ohio Corporation, )
& SALOON, INC., )
 )
        Defendants. )
_____)

## **MEMORANDUM AND ORDER**

Now before the Court is Plaintiff's "Motion to Compel (Renewed)," requesting an Order compelling Defendants to respond to certain interrogatories and to produce documents responsive to Plaintiff's requests for production. (Doc. 87.) Defendants responded in opposition. (Doc. 88.) The Court had previously instructed Plaintiff it would not entertain any reply briefs. (Doc. 86, at 1.) As such, Plaintiff filed a "Motion for Leave to Meet and Confer a Second Time and Extend Deadline for Reply Brief" (Doc. 89). Defendants responded in opposition (Doc. 90). Having reviewed the submissions of the parties, the Court is prepared

1

to rule.

## BACKGROUND

Plaintiff filed a state court Petition in the District Court of Reno County, Kansas, on August 11, 2008, bringing claims for strict product liability, negligence, and breach of express and implied warranties as a result of a house fire that occurred on February 1, 2007. (*Id.*) Plaintiff contends that the fire was caused by a malfunction in a propane space heater manufactured by Defendants. (*Id.*) The case was removed to the United States District Court for the District of Kansas by Defendants on September 5, 2008. (*Id.*)

Plaintiff served the discovery requests at issue in late September, 2009. (Doc. 52, at 2.) Plaintiff contends the requests seek information relating to the subject matter of this case – "a propane heater resulting in a fire due to an alleged internal gas leak." (Doc. 52, at 2.) Defendants served their responses and objections to Plaintiff's discovery requests on October 30, 2009. (Doc. 44; Doc. 52-1; Doc. 52-2.)

In Plaintiff's initial motion, she sought an Order compelling Defendants to respond to ten of her interrogatories and produce documents responsive to her requests for production. (*Id.*) Defendants responded by raising the procedural argument that Plaintiff failed to comply with the duty to confer imposed by Fed. R.

2

Civ. Pro. 37 and D. Kan. Rule 37.2, and therefore the Court should not hear the motion to compel. (Doc. 55, at 2-3.) While Defendants also raised certain substantive issues, the Court was persuaded by the procedural argument. The Court denied Plaintiff's initial motion, holding that she had neglected her duty to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. (*See generally*, Doc. 72.)

Plaintiff subsequently filed a "Motion for Leave to Meet and Confer," arguing that her previous failure to meet and confer was an "oversight, brought about by other pressing litigation deadlines . . ." (Doc. 74.) Defendants responded in opposition, arguing in part that Plaintiff's oversight did not justify the requested relief. (Doc. 77, at 2.) The Court granted Plaintiff's motion, holding that if the parties were unable to resolve the outstanding discovery issues, the issue would be addressed at an upcoming scheduling conference. (Doc. 84, at 2-3.) The Court also stated it would then determine if Plaintiff should be allowed to renew its motion to compel. (*Id.*) At the August 16, 2010, scheduling conference, the Court was advised by the parties that they had conferred and expected to resolve the discovery issues. (*See* Second Revised Scheduling Order, Doc. 86, at 1.)

Plaintiff brings her renewed Motion to Compel, arguing that she has now fulfilled her duties pursuant to Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2 by

3

engaging in a telephone conference with opposing counsel on August 9, 2010. (Doc. 87, at 2.) During that telephone conference, Plaintiff's counsel apparently raised issues regarding the alleged "regulator defect," while attempting to "ascertain why defendants provided incomplete responses" to Plaintiff's discovery requests. (*Id.*, at 2-3.) Defense counsel apparently stated he would confer with co-counsel and respond. (*Id.*)

According to Plaintiff, defense counsel left a voice mail message a few days later "simply stating that the regulators in other model of heaters were different from the regulator involved in this case, *implying* nothing would be produced or answered." (*Id.*, at 3, emphasis added.) Tellingly, Plaintiff does not contend that defense counsel specifically closed the door on further negotiation and/or providing additional responsive information.

In addition to raising the same substantive issues contained in the response to Plaintiff's original motion, Defendants argue that "Plaintiff's attempts to meet an confer have been questionable at best and inconsistent with the spirit of this Court's specific admonition." (Doc. 88, at 2.) Defendants continue by contending that during an August 16, 2010, scheduling conference with the Court,[1] Plaintiff's counsel "acknowledged that Plaintiff's discovery requests were overbroad,"

---

[1] *See* Court's August 16, 2010, text entry.

subsequently "represent[ing] to this Court and Enerco's counsel his confidence that these matters could be resolved by further communications" between counsel for the parties. (*Id.*, at 6.) Despite these assurances, Plaintiff's counsel "has not contacted Enerco's counsel in any way to discuss these discovery issues further," even failing to return an August 31, 2010, voice mail message left by defense counsel regarding this issue. (*Id.*)

The Court had previously ruled that Plaintiff would not be allowed to file a reply brief to any additional motion to compel. (Doc. 86, at 1.) Instead, Plaintiff filed a "Motion for Leave to Meet and Confer a Second Time and Extend Deadline for Reply Brief."[2] (Doc. 89.) Therein, Plaintiff's counsel does not deny that the voice mail message was received, as it was left for the other attorney in his firm working on Plaintiff's case. (*Id.*, at 2.) Instead, Plaintiff's counsel simply contends he "was not aware of this voice mail from defense counsel." (*Id.*) Regardless, Plaintiff's counsel is now offering "to personally meet with defense counsel . . . to discuss the pending motion to compel in hopes of resolving the dispute." (*Id.*)

## DISCUSSION

---

[2] Obviously there is no reply deadline to extend given the Court's prior ruling that no reply briefs would be entertained. (Doc. 89, at 1.)

As specifically discussed by the Court in its previous Order, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37 (a)(1) (emphasis added); *see also* Doc. 72, at 3. The local rules further state that a court "will not entertain any motion to resolve a discovery dispute" unless a reasonable effort has been made to confer regarding the motion's underlying issue(s) prior to the filing of the motion. D.Kan. Rule 37.2 (emphasis added). The local rule also requires the certification to describe with particularity the steps taken by all counsel to resolve the issue in dispute. These requirements encourage parties to resolve discovery disputes "without judicial intervention." ***Cotracom Commodity Trading Co. v. Seaboard Corporations***, 189 F.R.D. 456, 459 (D.Kan. 1999); *see also* ***VNA Plus, Inc. v. Apria Healthcare Group, Inc.***, No. 98-2138-KHV,1999 WL 386949, at \*1 (D.Kan. June 8, 1999).

In its prior Order, the Court instructed Plaintiff's counsel that the conference mandate of "reasonable efforts to confer" requires "more than mailing or faxing a letter to the opposing party." D. Kan. Rule. 37.2; *see also* Doc. 72, at 3-4. Rather, the parties must "in good faith converse, confer, compare views, and consult and deliberate or in good faith attempt to do so." *Id.*; *see also* ***Cotracom****,* 189 F.R.D. at

459.  "[The parties] must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovery party is reasonably capable of producing, and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention."  *Cotracom*, 189 F.R.D. at 459.

As with her initial Motion to Compel (Doc. 52), Plaintiff's "Motion to Compel (Renewed)" contains no certificate of compliance with Fed. R. Civ. P. 37(a)(1) and/or D.Kan. Rule 37.2.  *See generally* Doc. 87.  Further, Plaintiff's motions and Defendants' response all raise troubling issues relating to Plaintiff's failure – or, at best, half-hearted attempt – to meet and confer.  (Doc. 88, at 2, 6.)

Despite the unqualified language of the federal and local rules, the Court, in its discretion, may choose to determine a motion to compel on its merits even when the duty to confer has been unfulfilled under certain circumstances.  *See* ***White v. Graceland College Ctr. for Prof. Dev. & Lifelong Learning, Inc***., No. 07-2319-CM, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (holding that "the interests of justice are best served by taking up the motion [to compel] on its merits" when the court could understand why Plaintiff's counsel interpreted a prior order to mean that Plaintiff could reapply for relief without conferring).  Again, however, Plaintiff has made no arguments – and the Court is aware of no such circumstances

– that would justify waiving the duties imposed by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2 in the present matter. This is especially troubling given the Court's previous, specific admonitions to Plaintiff's counsel regarding the issue. (*See generally*, Doc. 72.) Simply stated, there is nothing in the Court's prior Order that could have been misinterpreted by counsel.

While Plaintiff was not allowed to file a reply brief, she instead moved for leave to meet and confer as well as additional time to reply. (Doc. 89.) In this motion, Plaintiff's counsel states that he was not aware of a relevant voice mail message left by defense counsel for another attorney in his firm working on Plaintiff's case. (*Id.*, at 2.)

The Court surmises Plaintiff would address these issues should her motion for leave and for additional time (Doc. 89) be granted. However, even accepting as true the "effort" to confer summarized in Plaintiff's renewed motion to compel, the Court sees no benefit to dissect the issue further – particularly when viewed in context of the Court's admonition in its previous Order (Doc. 72).

The Court is deeply troubled by the events following the August 16, 2010, scheduling conference at which Plaintiff's counsel admitted the discovery requests should be revisited and represented to defense counsel that further communication might resolve the issues. Plaintiff's counsel not only failed to contact defense

8

counsel thereafter, but also failed to respond to defense counsel's attempts to confer.  The fact that the attorney drafting the motions was unaware of a voice mail message left for another attorney in his office (who had also entered an appearance for Plaintiff) does not excuse Plaintiff.  The local rule is unequivocal that the duty to confer belongs to the moving party.

Given this history, there is no reason for the Court to entertain a motion for leave to confer.  Plaintiff has had every opportunity to confer with defense counsel and did not need the Court's leave to do so.  Plaintiff's counsel simply failed to do so.  Plaintiff has offered no valid explanation that would allow the Court to excuse this duty, particularly in light of the language in the Court's previous Order on this very issue.  As such, the Court again finds that Plaintiff has failed to comply with Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

The Court therefore **DENIES** Plaintiff's "Motion to Compel (Renewed)" (Doc. 87) and Plaintiff's "Motion for Leave to Meet and Confer a Second Time and Extended Deadline for Reply Brief" (Doc. 89).

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion to Compel (Renewed)" (Doc. 87) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Leave to Meet and Confer a Second Time and Extended Deadline for Reply Brief" (Doc. 89) is

also **DENIED**.

IT IS SO ORDERED.

Dated at Wichita, Kansas, this ___ day of November, 2010.

_____
KENNETH G. GALE
United States Magistrate Judge