**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DANA BRUBAKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MR. HEATER CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> ) | **CIVIL ACTION** <br><br> No. 08-1270-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion for summary judgment. (Doc. 93). The motion has been fully briefed and is ripe for decision. (Docs. 94, 99, 100). Defendants' motion is denied for the reasons herein.

**Analysis**[1]

Defendants move for summary judgment on the basis that plaintiff has failed to identify a specific defect in the portable heater which caused a fire in plaintiff's home. Defendants' arguments are essentially the same arguments raised and addressed in the court's prior orders. See Docs. 63 and 71. The court's last opinion observed:

> It is not necessary that plaintiff prove the existence of a specific defect by direct evidence; circumstantial evidence of a defect will suffice. Pekarek v. Sunbeam Products, Inc., 672 F. Supp.2d 1161, *1190 (D. Kan. 2008)(citing Mays v. Ciba-Geigy Corp., 233 Kan. 38, 661 P.2d 348 (1983)).

\* \* \*

---

[1] The facts pertaining to this case can be found in this court's prior orders. (Docs. 63, 71).

> There is no question that under any theory, plaintiff must prove the existence of a manufacturing defect which existed at the time the Mr. Buddy left the manufacturer's hands. K.S.A. 60-3302(c); see also Samarah v. Damek Med., Inc., 70 F. Supp.2d 1196, 1202 (D. Kan. 1999). But to prove a defect, a plaintiff is not required to use expert testimony. Instead, a plaintiff may rely on circumstantial evidence which justifies an inference of probability as distinguished from mere possibility. The evidence does not have to rule out every other reasonable possibility. Voelkel v. General Motors Corp., 846 F. Supp. 1468, 1476 (D. Kan. 1994), aff'd 43 F. 3d 1484 (10th Cir. 1994)(citing Mays, 233 Kan. 38).

(Doc. 71 at 2-3).

Defendants contend that plaintiff is unable to satisfy her burden because she has not identified a specific defect and has failed to establish that the defect was the cause of the fire. While plaintiff has not identified the exact reason the regulator failed, plaintiff has not simply stated a general defect in the heater. Plaintiff has specifically identified the part of the heater that she contends did not perform as it should. Plaintiff asserts that she will rely on the testimony of Martin and the witnesses to the fire to satisfy her burden in this case. Contrary to defendants' arguments, plaintiff's witnesses can contradict defendants' theory, i.e. a bad hose connection. Plaintiff's witnesses have testified that they did not smell any gas prior to the fire.

Moreover, as the Kansas Supreme Court has explained, plaintiff's claims are not subject to dismissal because there are other possible causes of the fire:

> The fallacy of defendant's argument is that in order for circumstantial evidence to be sufficient to sustain a finding in a civil case, such evidence need not rise to that degree of certainty which will exclude any and every other reasonable conclusion. It suffices that such evidence affords a basis for a reasonable inference by the court or jury of the occurrence of the fact in issue, although some

other inference equally reasonable might be drawn therefrom. Causation, like any other fact question, may be shown by circumstantial evidence.

Am. Family Mut. Ins. Co. v. Grim, 201 Kan. 340, 343-44 (1968).

A jury listening to the evidence could find that plaintiff is credible and based on both her testimony and circumstantial evidence, that plaintiff properly connected the hose and safely stored the heater and therefore, those were not the causes of this fire. In sum, if a jury believes plaintiff's testimony, the jury could reasonably conclude that the fire was caused by a defect in the regulator. On the other hand, the jury may not believe plaintiff and conclude that she improperly connected the gas supply.

## Conclusion

Defendants' motion for summary judgment is denied. (Doc. 93). The clerk is instructed to set this case for trial. The court will not entertain any further motions or arguments on these issues. The court has previously and thoroughly addressed these matters in this order and prior orders. The parties are instructed to file their proposed instructions one week prior to the trial date.

IT IS SO ORDERED.

Dated this ___10th___ day of March 2011, at Wichita, Kansas.

                                                  s/ Monti Belot
                                                  Monti L. Belot
                                                  UNITED STATES DISTRICT JUDGE